*337 The opinion of the Court was delivered by
Tilghman C. J.
The defendant contends, that in equity, the plaintiff ought not to recover on this bond, while he negleets to make him a good title for the land which has been levied on by Wallace, through his default: and that the judgment and execution were good evidence to shew the m-jury he has sustained. But there are great difficulties in the way of this defence. The bond on which this suit is brought, is unconnected with the agreement between the plaintiff and defendant. The defendant has involved himself in this trouble by becoming security for John Truxal, who purchased of the plaintiff. It is not a question, whether the defendant shall be compelled to pay for the land which he purchased of the defendant, while the plaintiff refuses to make him a title. That would have been a strong defence. But the defendant wishes to set-off, against the bond in which he became security for yohn Truxal, certain damages which he supposes he has sustained in another transaction. Now even if such damages could be matter of set-off, it does not appear that the judgment and execution are available evidence, because the defendant has paid nothing on account of the judgment; nor has the land been sold by virtue of the execution, nor can it lawfully be sold, because it was not the property of the plaintiff, at the time of issuing the execution, or at the time of rendering the judgment, having been sold by the plaintiff to the defendant, before the judgment. The judgment therefore, was no lien upon the land. Suppose now, that the defendant should be allowed the benefit of a set-off in this suit, to the amount of Wallace’s judgment against the plaintiff, and afterwards Wallace, finding that the land was not bound, should issue an execution against the personal property of the plaintiff, or against his body; could the plaintiff in such case, plead, that he had paid the judgment by a discount allowed to the defendant in this suit ? Certainly not. Then he would have to pay Wallace’s debt twice; which shews the impropriety of suffering the defendant to give in evidence, a judgment and execution by which he has not sustained any damages. I am therefore of opinion, that the evidence was properly rejected.
There is another bill of exceptions in this cause. The defendant offered to prove, that Robert Haslet’s wife, had declared she never would, execute a deed for the land which *338 her husband had agreed to convey to the defendant. This evidence was rejected by the Court, and rightly. Her declaration was immaterial. It does not appear by the agreement, that her husband had covenanted that she should join in the deed. And as for damage, there was not the least reason to suppose, that any damage had been sustained by her declaration. She might change her mind afterwards, and sign the deed; or, she might die before her husband, and then her right of dower would be extinct. Her declaration, then, could in no point of view avail the defendant as a defence against the bond on which this suit was brought. I am therefore of opinion, that there is no error in this record, and the judgment should be affirmed.
Judgment affirmed.